[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Lisa Von Deck, by counsel, has brought this negligence action to recover for injuries suffered in a serious motor vehicle accident in Plainfield on November 2, 1995. At the trial held January 13, 2000 only the defendant, Jason P. Gallow, who appeared pro se, remained a party to the case.
After hearing, the court finds the following facts:
The plaintiff is a widowed 31-year-old mother of three children, ages 15, 13, and 10. In the early evening of November 1, 1995, she met the defendant, who was an acquaintance of hers, at the Horsebrook Café in Plainfield. They had drinks together and then left to go to another restaurant, the Golden Eagle, where they had a drink, and then returned to the Horsebrook Café where they met the plaintiff's then CT Page 760 boyfriend. After a verbal confrontation with him, they left and returned to the Golden Eagle for the purpose of getting a drink before closing time but they were too late. They decided to go to another bar, Riley's, for a last drink.
As they proceeded in the defendant's pickup truck in a southerly direction along Route 12 at about 0050 hours on November 2, 1995, the defendant, who was the operator of the vehicle, lost control of it on the wet highway and crossed the center line into the northerly lane. The vehicle then left the roadway and rolled over. The plaintiff was ejected from the car through the passenger's window. Long dark hair that matched the plaintiff's was found embedded in the windshield in front of the passenger seat where she struck her head before exiting the vehicle.
The plaintiff was found lying in the grass alongside the vehicle by the police officer who investigated the accident. The officer, who was about one-half mile from the scene when summoned to it by a police dispatcher, saw the defendant walking on the shoulder of Route 12 about one-quarter of a mile northerly of the crash site. He recognized the defendant, stopped the cruiser, and invited the defendant to get in the back. The officer noticed the smell of liquor on the defendant. They went southerly to the site together, where the officer recognized the vehicle as a pickup belonging to the defendant. When asked who was driving the vehicle, the defendant replied that the plaintiff had "stolen" his vehicle as he exited the Golden Eagle and that she had proceeded alone in a southerly direction on Route 12 headed toward the crash site. The officer, who was trained as an accident reconstruction expert, did not believe the defendant. He noted blades of cut grass from the shoes of the defendant in his cruiser that matched cut grass at the scene of the accident. Then he spoke to the plaintiff two days after the accident and she confirmed that the defendant was operating the vehicle at the time of the accident.
The plaintiff was transported to W.W. Backus Hospital by emergency vehicle. Her injuries were serious, multiple and permanent. They included a fractured thoracic spine and spinal cord injury, rib fractures, a broken jaw, a lacerated liver, respiratory failure, and multiple contusions and abrasions. She remains paralyzed from the waist down and spends her entire day in a wheelchair. CT Page 761
After three weeks at Backus Hospital, she was transferred to the Gaylord Hospital in Wallingford for rehabilitation, both physical and emotional. She spent several weeks at Gaylord Hospital in physical therapy and counseling. She continues with counseling on an outpatient basis at Quinebaug Valley offices near her home in Moosup. Her medical bills and her hospital bills, to date, total $148,301. She is in constant pain. She will never walk again.
At trial, the sole issue for the court to decide is the question of operation of the motor vehicle which the defendant denies.
The evidence overwhelmingly establishes that the defendant was the operator of the pickup truck at the time of the accident. The physical evidence found by the investigating officer, and previously noted herein, is conclusive of the issue. The defendant's version of events lacks credibility and is probably affected by his condition at the time of the accident after a night of drinking.
Having found the defendant to be the operator of the motor vehicle, the court concludes from the facts found that the defendant is solely responsible for the accident and injuries to the plaintiff in that the defendant lost control of the vehicle causing it to leave the highway and roll over and that he otherwise failed to exercise that degree of care a reasonably prudent person would have exercised in the operation of a motor vehicle under the circumstances then and there existing.
The plaintiff is entitled to recover for her injuries as follows:
For her economic damages: $ 175,000.00
For her non economic damage: $1,325,000.00
Total: $1,500,000.00
Potter, J.